JULIUS KESSLER AND COMPANY, INCORPORATED,

*vs.*

DAVID ASKIN.

*Authority of Agent—Sale Subject to Approval of Home Office.*

Where an order for certain goods, signed by plaintiff and handed by him to defendant's salesman, being on a blank printed form furnished by defendant, contained a statement that salesmen were not authorized to make contracts other than therein specified, and that the contract was "subject to approval of your home office," plaintiff cannot complain that the goods were not shipped, defendant's home office having refused to accept the order and returned the check given by plaintiff with the order.
                                                                    p. 648

A condition in an order form that the order shall be subject to the approval of the home office of the concern to which the order is addressed, is reasonable and proper.          p. 649

*Decided January 16th, 1920.*

Appeal from the Baltimore City Court (DUFFY, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, and STOCKBRIDGE, JJ.

*Julius H. Wyman,* with whom were *James T. O'Neill* and *Jacob S. New* on the brief, for the appellant.

*David Ash,* for the appellee, submitted the cause on brief.

BURKE, J., delivered the opinion of the Court.

The appellant is a corporation, and in October, 1918, it was a distiller of whiskies with its main office located in Chicago, and a branch office in New York. A Mr. Rosenbaum was a salesman and manager of the New York office. Max

M. Berkowitz was the local salesman for the corporation in Baltimore and had been in its employ for five years. The appellee was a saloonkeeper in Baltimore City, and on two occasions prior to the giving of the order involved in this case had given orders to the appellant, through Berkowitz and Rosenbaum, for whiskies which had been thereafter delivered. On November 13, 1918, Berkowitz and Rosenbaum called upon the appellee and solicited an order for whisky, and he gave them an order for certain quantities and kinds of whiskies specified in the order. It was a written order and was signed by the appellee only. The order which the appellee signed was taken from a book sent by the appellant to its salesmen and was partly printed with blank spaces in which was to be filled in the name of the agent, the kind and quantity of whisky ordered and terms of payment. The books were so arranged that three impressions or copies could be made of each one, one of which was sent to the appellant, one was retained by the purchaser, and one by the salesman.

The order which was signed by the appellee contained the notice or statement that salesmen were not authorized to make contracts other than therein specified, and that the contract was "*subject to approval of your home office.* At the time of signing the order, the appellee gave his check for $250 on account of the purchase, and Berkowitz, the salesman, promptly sent the check and order to the New York office of the corporation. On November 16, 1918, Julius Kessler, the president of the appellant corporation, wrote the appellee that the order would not be accepted and returned him his check. The appellee then purchased other goods in the open market and brought suit against the appellant for the damages alleged to have been caused by the failure of the appellant to deliver the goods specified in the order. The trial resulted in a verdict and judgment for the plaintiff and from that judgment the defendant has brought this appeal.

The record contains nineteen exceptions. The order signed by the plaintiff gave notice to him that the authority of the

salesman was limited. Precisely the same limitation was contained in the previous orders. There was no obligation assumed by the defendant under its terms until it was approved by the home office. It was not approved, and the obligation of the defendant to ship the goods never arose. There is no evidence in the case tending to show that either Berkowitz or Rosenbaum had authority to waive the condition in the order, or to make a contract binding upon the defendant. The condition expressed in the order was a reasonable one, and was intended to control the credits of the defendant company. Certainly Berkowitz had no such authority to waive this condition and we failed to find any facts upon which it could be legally inferred that Rosenbaum had such power or authority. The case is controlled by the principals announced in *Brager* v. *Levy,* 122 Md. 554, and the undisputed facts, which we have stated, have led us to the conclusion that in the light of those principles there was no legally sufficient evidence in the case to entitle the plaintiff to recover, and that the first prayer of the defendant, which asked the Court to direct a verdict for the defendant on that ground, should have been granted. This conclusion dispenses with the necessity of considering the other exceptions.

> *Judgment reversed, with costs, without awarding a new trial.*